IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–01053–RPM–KMT

JESSICA BARBARA MCLAUGHLIN ERICKSON,

    Plaintiff,

v.

LIGHTHOUSE RECOVERY ASSOCIATES,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the Court on "Plaintiff's Motion for Entry of Default Judgment Against Defendant Lighthouse Recovery Associates" (Doc. No. 16, filed November 16, 2012).

### I. BACKGROUND

**A.**     **Procedural History**

Plaintiff initiated this lawsuit on April 19, 2012, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). (Compl. [Doc. No. 1].) Defendant was served with the Summons and Complaint on April 20, 2012. (Doc. No. 5.) Defendant, however, failed to answer or otherwise respond to Plaintiff's Complaint. Following Plaintiff's request for entry of default pursuant to Fed. R. Civ. P. 55(a) (Doc. No. 7), the Clerk of Court entered default against Defendant on July 17, 2012 (Doc. No. 9). Defendant has not responded to the Clerk's entry of default or the present Motion.

B.     **Factual Allegations**

Plaintiff alleges in the Complaint that on or about February 17, 2012, she began to receive calls from Defendant's agents to collect on an overdue credit card account. Plaintiff alleges the defendant's agent called her at her place of employment, and Plaintiff told the agent not to call her at work again. Plaintiff alleges the agent began to berate her and insist that she make payment arrangements. On or about March 5, 2012, Defendant's agent called her at work again and coerced her into settling a balance of approximately $1,175.00 for $800.00. Plaintiff alleges she agreed, under duress, to make $200.00 payments over the next several pay periods until the balance was paid.

Plaintiff states she gave Defendant's agent permission to speak to her husband at home. Defendant's agent called Plaintiff's husband at home after the date for the first payment had come and gone; Plaintiff's husband assured Defendant's agent that the payment had been sent. Defendant's agent called Plaintiff's husband again a few days later stating the first payment had not been received. Plaintiff confirmed with her bank that her check to the defendant had been cashed by the defendant. Plaintiff's husband received another call the next day demanding the first payment. Plaintiff's husband informed the defendant's agent the check had been cashed. Defendant's agent then demanded payment for the full amount of $1,175.00. Two days later, Plaintiff received another call at work requesting payment. Three days later, Plaintiff's husband received another call stating payment had not been received. Defendant's agent put Plaintiff's husband on hold, and when he returned to the call he informed Plaintiff's husband that the payment had been received and credited to Plaintiff's account. Nevertheless, Defendant's agent

insisted that Plaintiff pay off the remaining $600 balance by the end of April 2012.  Plaintiff states at that time she asked for confirmation of the payment and was advised it could take up to a month to get the information.  As of the filing of this complaint, Plaintiff had not received anything in writing from the Defendant.  Based on these factual allegations, Plaintiff claims that Defendant violated multiple provisions of the FDCPA.

## II. ANALYSIS

Pursuant to Fed. R. Civ. P. 55, default may enter against a party who fails to appear or otherwise defend a lawsuit.  Here, entry of default was proper because Defendant failed to respond to Plaintiff's Complaint.  Before proceeding with a default judgment, however, the Court must consider whether it has jurisdiction, whether the facts establish a legitimate basis for the entry of judgment, and whether the damages can be ascertained.

**A.      Jurisdiction**

In determining whether a default judgment is warranted, the Court must first consider whether it has jurisdiction over the subject matter and the defendant.  *Dennis Garberg & Associates, Inc., v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986).  The Court must do so in consideration of the well-established rule that "a judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action." *United States v. 51 Pieces of Real Prop.,* 17 F.3d 1306, 1309 (10th Cir. 1994).

1.      **Subject Matter Jurisdiction**

Plaintiff asserts that the Court has jurisdiction over this matter because the action arises out of 15 U.S.C. § 1692a.  Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Because Plaintiff's causes of action arise under federal law, the Court has jurisdiction over the subject matter.

Additionally, pursuant to a jurisdictional provision in the FDCPA at 15 U.S.C. § 1692k(d), a plaintiff may pursue a civil cause of action "in any appropriate United States district court without regard to the amount in controversy . . . within one year from the date on which the violation occurs."  Plaintiff filed this action on April 19, 2012, and she alleges the violations occurred from approximately February 17, 2012, through approximately March 26, 2012.  (Compl.)  The Court therefore finds that Plaintiff's allegations satisfy the jurisdictional provision of the FDCPA.  Accordingly, based on federal question jurisdiction and what appears to be a timely-filed Complaint, the Court finds that it has subject matter jurisdiction over this dispute.

2.      **Personal Jurisdiction**

In addition to subject matter jurisdiction, entry of a default judgment in a civil case requires personal jurisdiction over the defendant.  *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010).  The Court must first address the adequacy of service in deciding whether it has personal jurisdiction over Defendant.  *See United States v. Elsberg*, No. 08-cv-00522-MSK-KLM, 2010 WL 5177439, at *2 (D. Colo. Aug. 17, 2010).  Plaintiff's Complaint identifies Defendant as a corporation.  (Doc. No. 1, ¶ 5.)  Therefore, the Court analyzes the adequacy of service in the

context of Fed. R. Civ. P. 4(h), which establishes the requirements for service of a corporation, partnership, or association. Rule 4(h) provides that service on a corporation, partnership, or association is adequate if effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B).

On April 24, 2012, Plaintiff filed a return of service demonstrating that a private process server personally delivered the summons to Bob Barry, the president of the corporation. (Doc. No. 5.) The Court therefore finds that Defendant was properly served in compliance with Fed. R. Civ. P. 4(h).

Plaintiff bears the burden of establishing personal jurisdiction. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). "[P]laintiff need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials." *Dennis Garberg & Associates, Inc.*, 115 F.3d at 773.

Plaintiff asserts in the Complaint that Defendant is a Colorado business with an address in Centennial, Colorado. (Doc. No. 1, ¶ 5.) The Court therefore finds that it has personal jurisdiction over Defendant.

**B.      Factual Basis for Default Judgment**

Even after a proper entry of default, the Court must decide "'whether the unchallenged facts constitute a legitimate cause of action'" such that a judgment should be entered. *Bixler,* 596 F.3d at 762 (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal*

*Practice and Procedure* § 2688, at 63 (3d ed. 1998)). "'There must be a sufficient basis in the pleadings for the judgment entered.'" *Id.* (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445-LTB-MJW, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (unpublished decision) (quoting *Cablevision of Southern Conn., Ltd. Partnership v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)).

Upon review of a motion for default judgment, assuming default was properly entered, the moving party enjoys the benefit of deferential pleading interpretation. *See Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). The Court deems the well-pleaded facts of the complaint to be true. *Vibe Tech., LLC v. Suddath*, No. 06-cv-00812, 2009 WL 2055186, at *1 (D.Colo. 2009) (unpublished) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Undisputed facts set forth by the moving party in affidavits and exhibits are also accepted as true. *Id.*

### 1.     Plaintiff's FDCPA Claims

The FDCPA is designed to "eliminate abusive debt collection practices by debt collectors . . . and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). All of Plaintiff's claims against Defendant in this case allege violations of the FDCPA. Specifically, Plaintiff alleges that Defendant's debt collection practices violated 15 U.S.C. §§ 1692c(a)(1) and (a)(3); 1692d and d(5); 1692e and e(10); 1692(f); and 1692g. (Doc. No. 1 at 8–9.) Accepting the well-pleaded allegations in the Complaint as true and for the

reasons stated below, the court finds that the allegations support a default judgment against Defendant for violations of 15 U.S.C. §§ 1692c(a)(1) and (a)(3).  The court finds, however, that the allegations fail to support a default judgment on the remaining claims.

      **a.**      **15 U.S.C § 1692c(a)(1)**

15 U.S.C. § 1692c(a)(1) prohibits debt collectors from communicating with a consumer in connection with the collection of a debt "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer."  Absent contrary information, the appropriate time to communicate with a consumer is between 8:00 a.m. and 9:00 p.m.  *Id.*

Here, Plaintiff presents no factual allegations that Defendant contacted her at an unusual or inconvenient time or place.  However, Plaintiff does allege that Defendant contacted her twice at work after she asked Defendant not to call her at work.  The court therefore finds that the allegations are sufficient to support a default judgment for the alleged violation of § 1692c(a)(1).

      **b.**      **15 U.S.C. § 1692c(a)(3)**

15 U.S.C. § 1692c(a)(3) prohibits contacting a consumer regarding a debt without consent "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication."  15 U.S.C. § 1692c(a)(3).  Plaintiff contends that defendant violated § 1692c(a)(3) by calling her at work after he told a representative of defendant not to call her at work.  Plaintiff also alleges she gave Defendant permission to contact her husband at home because she was not able to receive calls at her place of employment.  Thus, the court finds that

the allegations are sufficient to support a default judgment for the alleged violation of § 1692c(a)(3).

        **c.**        **15 U.S.C. §§ 1692d and d(5)**

15 U.S.C. § 1692d prohibits debt collectors from utilizing collection practices of which "the natural consequence . . . is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d(5) prohibits "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number."

The court finds that Plaintiff's sparse factual allegations are insufficient to support a default judgment for violations of these provisions. Plaintiff alleges that Defendant placed calls to her or her husband eight times over a period of thirty-eight days. Plaintiff states in three separate calls she was berated by Defendant's agent and that she was coerced into settling by Defendant's agent. However, Plaintiff does not allege "the natural consequence" of the calls was "to harass, oppress, or abuse" her. Moreover, Plaintiff fails to allege Defendant caused Plaintiff's phone to ring, or engaged Plaintiff in telephone conversation, "repeatedly or continuously with intent to annoy, abuse or harass" her. For these reasons, the court finds that the allegations are insufficient to support a default judgment for the alleged violations of § 1692d and d(5).

        **d.**        **15 U.S.C. §§1692e and e(10)**

15 U.S.C. § 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e(10) prohibits "[t]he

use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Here, Plaintiff alleges no facts to show Defendant falsely represented the character, amount or legal status of the debt. The court finds that without more, Plaintiff's allegations fail to support a default judgment for a violation of § 1692e or e(10).

    **e.**  **15 U.S.C. § 1692f**

15 U.S.C. § 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." However, Plaintiff fails to make any allegations that the defendant's actions were unfair or unconscionable. The court finds Plaintiff's allegations fail to support a default judgment for § 1692f.

    **f.**  **15 U.S.C. §§ 1692g**

15 U.S.C. §§ 1692g(a)(1-5) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy

> of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Plaintiff alleges on March 26, 2012, she asked Defendant's agent to send her "something in writing to confirm the payment arrangement and the receipt of the first payment." (Compl., ¶¶ 26, 30.) Plaintiff states that Defendant failed to send her anything by the time she filed her Complaint on April 19, 2012. (*Id.*, ¶ 34.) Plaintiff fails to allege, however, that she requested information pursuant to § 1692g after her communication with Defendant's representative. The court finds, therefore, that Plaintiff's allegations are insufficient to show that Defendant violated the statute by failing to provide within five days of the initial communication a written notice containing the information required by the statute and are insufficient to support a default judgment for the alleged violation of § 1692g.

### 2. Damages

In addition to finding that Plaintiff has a legal basis for relief, a default judgment cannot be entered until the amount of damages has been ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). A default judgment for money damages must be supported by proof. *Klapprott v. United States*, 335 U.S. 601, 611–12 (1949). This requirement ensures that a plaintiff is not awarded more in damages than can be supported by actual evidence. *See id.*

Pursuant to Fed. R. Civ. P. 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Further, "[a]lthough upon default the

factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of damages suffered ordinarily are not." *Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). In the proposed judgment attached to her Motion, Plaintiff requests entry of a default judgment in the amount of $1,000.00 in statutory damages and $2,590.00 in attorney's fees. Plaintiff also seeks taxable costs. The court addresses each in turn.

### a. Statutory Damages

The FDCPA sets a statutory maximum amount of damages at $1,000 per proceeding. 15 U.S.C. § 1692k(a)(2)(A); *see also Wright v. Fin. Servs. of Norwalk*, 22 F.3d 647, 650-52 (6th Cir. 1994); *Harper v. Better Bus. Servs. Inc.*, 961 F.2d 1562, 1563 (11th Cir. 1992). Thus, regardless of whether Plaintiff establishes a single violation or several violations of the FDCPA, the amount of statutory damages remains the same. *See Harper*, 961 F.2d at 1563. "All that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000.00 ceiling." *Savino v. Computer Credit Inc.*, 164 F.3d 81, 86 (2nd Cir. 1998) (citing *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997)). Thus, a determination that Defendant has committed one violation of the FDCPA is sufficient for the Court to find in favor of Plaintiff as to statutory damages. *Santacruz v. Stanley & Assoc., LLC*, 10-cv-00623-CMA-CBS, 2011 WL 1043338, at *7 (D. Colo. Mar. 17, 2011).

Pursuant to 15 U.S.C. § 1692k(b)(1), in determining the amount of statutory damages in an FDCPA action, the Court must consider "the frequency and persistence of noncompliance by

the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." *See also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1609 (2010) (the court "must" consider the provisions of Section 1692k(b) in awarding statutory "additional damages"); *Jackson v. Diversified Collection Servs., Inc.*, No. 09-cv-00680-WDM-BNB, 2010 WL 1931013 (D. Colo. May 13, 2010) (evaluating a request for increased statutory damages pursuant to Section 1692k(b)(1)).

As stated herein, the court finds that Defendant violated 15 U.S.C. §§ 1692c(a)(1) and (a)(3). In light of these violations and Defendant's failure to respond to Plaintiff's Complaint, the Court recommends finding that the nature and willfulness of Defendant's noncompliance with the FDCPA justifies an award of $1,000 in statutory damages against Defendant.

    **b.**  **Attorney's Fees and Costs**

The FDCPA prescribes that a successful party is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). To determine a reasonable fee award, the Court must conduct a lodestar calculation as set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2002). A lodestar calculation requires multiplying the number of attorney hours expended to resolve an issue or perform a task by a reasonable hourly billing rate. *Hensley*, 641 U.S. at 433. To determine the number of hours expended, the Court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) (internal quotation marks omitted). Once the Court determines the lodestar, it may "adjust the

lodestar upward or downward to account for the particularities" of the work performed. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).

"Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Case*, 157 F.3d at 1250. "In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice. *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983) (*overruled on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987)). The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment. *Case*, 157 F.3d at 1250 ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.").

Here, Plaintiff attaches his billing statement to the Motion. (Doc. No. 16-3.) Plaintiff's counsel has billed a total of 8.7 hours at the rate of $250 per hour. (*Id.*) The court finds that $250.00 is a reasonable hourly billing rate, and 8.7 hours is a reasonable number of attorney hours expended on the pleadings submitted. Therefore, the court recommends awarding $2,175.00 in attorney's fees.

Plaintiff also requests $415.00 in costs. (Doc. No. 16-3 at 2–3.) However, costs are to be determined by the Clerk of Court based on the filing of a Bill of Costs after judgment.

## III.  RECOMMENDATION

Accordingly, the court respectfully **RECOMMENDS** that Plaintiff's Motion (Doc. No. 16) be **GRANTED IN PART**, as set forth above, and that a default judgment be entered in favor of Plaintiff and against Defendant in the amount of $3,175.00 plus taxable costs.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 31st day of July, 2013.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge